JAEGER MANUFACTURING COMPANY, Appellee, v. AMERICAN SURETY COMPANY OF NEW YORK, Appellant.

No. 45254.

NOVEMBER 18, 1941.

REHEARING DENIED MAY 5, 1942.

Carr, Cox, Evans & Riley and Ehlers English, for appellant.

Carl A. Burkman, Stipp, Perry, Bannister & Starzinger, and Donald D. Holdoegel, for appellee.

HALE, J.—This is a companion case to Jaeger Manufacturing Company v. Maryland Casualty Company, No. 45080, 231 Iowa 151, 300 N. W. 680. The facts and our conclusions as to the questions raised in all the three cases brought by plaintiff are fully set out in that case, which was first filed. The facts in the present case are substantially the same as in the preceding case, except as to the time covered by the bond which was for the year 1933. Much the same allegations appear in the petition, and the defense herein was that the plaintiff is not an obligee of the statutory bond; there was no breach of statutory

duty; the bar of the statute of limitations; that the plaintiff enlarged and expanded the duties of the principal beyond those contemplated in the bond; that the plaintiff's loss was the result of the negligence of its own officers; and the failure of the plaintiff to pursue its claim against the bank on account of the forged checks. After trial to the court without a jury the court denied defendant's motion to withdraw issues and enter findings for the defendant as a matter of law, and entered judgment against the defendant for the alleged forgeries, with interest thereon; from which defendant appeals.

We have carefully examined the arguments in this case and the following, Jaeger Manufacturing Company v. Indemnity Insurance Company of North America, 231 Iowa 160, 300 N. W. 685, in connection with our examination of the Maryland Casualty Company case. A complete statement of the facts herein would amount in substance to a duplication of those set out in the preceding case, except as to the different items for which recovery is sought. In the Maryland Casualty Company case we have discussed some of the principal questions connected herewith and think it unnecessary to repeat the discussion here. Our holding, for the reasons given in the preceding case, is that the cause should be affirmed.—Affirmed.

STIGER, BLISS, OLIVER, and GARFIELD, JJ., concur.

WENNERSTRUM and SAGER, JJ., dissent.

MILLER, C. J., takes no part.